## FRIEDMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1925.)

No. 4272.

1. Forgery ☞5—Indictment charging sale of altered Liberty Bonds with intent to defraud others to whom they might be sold held to state offense.

Indictment, charging sale and delivery of Liberty Bonds which had been altered with intent to defraud others to whom purchaser might sell them, stated violation of Criminal Code, § 151, notwithstanding person to whom accused sold bonds was not deceived; intent to defraud being sufficient, if it is to operate against future transferees.

2. Criminal law ☞1167(2)—Where conviction on one count of indictment is sustainable, defects in other counts are immaterial.

Where conviction under one count is sustainable, and sentence is not excessive under that count, defects in other counts are immaterial.

3. Forgery ☞10—Uttering or selling altered Liberty Bonds is an offense.

Uttering or selling altered Liberty Bonds violates Criminal Code, § 151, notwithstanding alteration makes bonds void.

4. Forgery ☞44(½) — Accused's knowledge that Liberty Bonds sold by him had been altered held proved.

Evidence held to warrant finding that accused delivered Liberty Bonds to purchaser, knowing that they had been altered, in violation of Criminal Code, § 151.

In Error to the District Court of the United States for the Western District of Kentucky; Charles H. Moorman, Judge.

Sol Friedman was convicted of uttering and selling Liberty Bonds which had been altered, and he brings error. Affirmed.

Leopold Saltiel, of Chicago, Ill., for plaintiff in error.

Claude Hudgins, Asst. U. S. Atty., of Louisville, Ky. (W. S. Ball, U. S. Atty., and Lilburn Phelps, Asst. U. S. Atty., both of Louisville, Ky., on the brief), for the United States.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. Friedman was convicted under two counts of an indictment charging that he violated section 151 of the Criminal Code by uttering and selling Liberty Bonds which had been altered. The bonds in question had been in fact stolen, and then altered by erasing the name of the registered holder and substituting therefor another and fictitious name. They were then transferred by Friedman in connection with an assignment by the purported registered holder.

[1, 2] One count charged that he had sold and delivered these bonds to Frey, with intent to defraud Frey. The other count charged the same delivery with intent to defraud others, to whom Frey might sell them. It is now said that Frey had knowledge of the alteration, and so the proofs do not sustain a conviction under the first count, while the second count does not state an offense. We think the second count is not defective in this respect. The intent to defraud is sufficient, if it is to operate against a future transferee, even though the person to whom delivery is made is not deceived. U. S. v.

Nelson, 27 Fed. Cas. 80. The conviction under one count being sustainable, and the sentence being not excessive under that count, defects under other counts are immaterial.

[3] It is urged that, upon the making of the alteration, the bonds became void and were no longer an obligation of the United States and that to utter or sell a void paper is not within the statute. We cannot accept this construction. It would leave nothing for the statute to operate upon, since every "forged, counterfeited or altered obligation or other security of the United States" is in fact void.

[4] There was sufficient evidence to support the jury's finding that Friedman, when delivering the bonds, knew of the alteration. The bonds were in evidence, and there was undisputed testimony that the fact of alteration was obvious. Further, Friedman's story of how he came into possession of them was not convincing.

In the rulings as to the admission of evidence, we find no reversible error, if any.

The judgment is affirmed.